LOBRANO, Judge.
Defendant, Clarence Jason, was charged by bill of information with the January 30, 1985 attempted armed robbery and attempted second degree murder of Glenn Clark, violations of LSA R.S. 14:27, 14:64, 14:27 and 14:30.1.
Defendant was arraigned on March 5, 1985 and pled not guilty. On July 25, 1985, a twelve member jury found defendant guilty of attempted second degree murder. The jury was unable to reach a verdict on the armed robbery charge and a mistrial was declared on that count. On August 2, 1985, defendant was sentenced as a second offender to forty (40) years at hard labor without benefit of parole, probation, or suspension of sentence.
FACTS:
On January 30, 1985, Juan and Herbert McFarland and Glenn Clark were walking to work. Defendant rode up to the trio and began speaking to Juan McFarland. Defendant cursed Clark and Clark replied in the same words. Defendant then grabbed Clark’s jacket and Clark responded by striking defendant in the face. Clark, thinking the incident was over, turned and began walking away. Defendant then shot Clark twice, once in the jaw and once in the head. Defendant then fled on his bicycle.
Defendant appeals his conviction and sentence asserting that the trial court erred in sentencing him as a second offender to forty (40) years at hard labor without benefit of parole, probation or suspension of sentence, (emphasis added) We agree with defendant on the incorrect sentence.
Defendant was convicted of attempted second degree murder. Second degree murder is punishable by a mandatory jail term of life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. LSA R.S. 14:30.1, supra.
For attempted second degree murder, LSA R.S. 14:27(D)(1), supra, provides that an offender be “imprisoned at hard labor for not more than fifty years”. A sentence imposed under LSA R.S. 14:27(D)(1) cannot bar a defendant from parole, probation or suspension of sentence, even though such ineligibility would have been mandatory had the greater crime been committed. State v. Green, 391 So.2d 833 (La.1980).
Furthermore, LSA R.S. 15:529.1 does not mandate deprivation of parole eligibility, probation or suspension of sentence for one adjudicated a second offender.[1]
*1266 LSA R.S-. 15:474.4(A)[2] mandates that a person convicted of a second felony shall be eligible for parole consideration upon serving one half of the sentence imposed.
Clearly the law provides that a second offender shall be eligible for parole consideration upon serving one-half of the sentence imposed.
Thus, defendant’s sentence as imposed is illegal. Article 882 of the Code of Criminal Procedure authorizes this Court to correct an illegal sentence.
For the foregoing reasons, defendant’s conviction is affirmed. Defendant’s sentence of forty (40) years at hard labor is amended to allow for parole consideration after serving twenty (20) years, in accordance with LSA R.S. 15:574.4(A).
CONVICTION AFFIRMED, SENTENCE AMENDED AND AS AMENDED AFFIRMED.

. LSA R.S. 15:529.1:
"A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
(1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprison *1266 ment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction; ..."

. LSA R.S. 15:574.4:
“A. A person, otherwise eligible for parole, convicted of a first felony offense and committed to the Department of Corrections shall be eligible for parole consideration upon serving one-third of the sentence imposed; upon conviction of a second felony offense, such person shall be eligible for parole consideration upon serving one-half of the sentence imposed. A person convicted of a third or subsequent felony and committed to the Department of Corrections shall not be eligible for parole_”